**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| TYNE CASTINO,<br>Petitioner,<br>vs.<br>UNITED STATES OF AMERICA,<br>Respondent. | No. C26-3056-LTS<br>**ORDER** |

---

This matter is before me on Tyne Castino's pro se filing (Doc. 1), which the Clerk's office filed as a 28 U.S.C. § 2241 petition. Castino did not pay the $5.00 filing fee. *See* 28 U.S.C. § 1914(a). He is currently incarcerated at FPC Duluth, in Duluth, Minnesota, serving a 126-month sentence this court imposed in CR21-3021-LTS. Castino's filing is styled as a "Motion to Clarify Judgment," but his request is that I enter an order stating he should receive time served credits.[1]

---

[1] Post-conviction motions attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241, filed in the district where the defendant is incarcerated or in the district where a regional BOP office is located. 28 U.S.C. §§ 2241, 2255; *see also Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir. 2002); *Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994) (stating that a § 2241 habeas petition is the proper vehicle for a prisoner's request for good-time and work-time credits to reduce length of imprisonment and must be brought in the district of incarceration). Similarly, a claim for time served prior to the date of a federal sentence is cognizable only in a proceeding brought under 28 U.S.C. § 2241. *See Setser v. United States*, 566 U.S. 231, 244 (2012) (holding federal prisoner seeking credit against his federal sentence for time served in state custody could seek relief under § 2241 after first exhausting available administrative remedies through Bureau of Prisons). Additionally, a challenge to the BOP's determination of eligibility to apply FSA time credits is properly brought under § 2241. *See Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024) (unpublished) (considering appeal of denial of § 2241 petition challenging BOP's conclusion that

Duluth, Minnesota, is in the District of Minnesota. Thus, the District of Minnesota is the proper venue for this case. *See* 28 U.S.C. § 2241(a); *see also United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977) ("[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court").

For this reason, this case is hereby **transferred** to the United States District Court for the District of Minnesota. The Clerk's office is directed to send the entire file to the District of Minnesota and retain a copy of the file for this district's records. By this order, I express no opinion on the merits of the petition.

**IT IS SO ORDERED** this 24th day of November, 2026.

Leonard T. Strand
United States District Judge

the prisoner was ineligible for FSA time credits). Although Castino styled his filing as a motion in his criminal case, he makes clear that his request is to receive FSA time credits for Count 1 of the judgment. *See* Doc. 1 at 2. Thus, his claim is properly brought in a § 2241 petition.